STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff–Appellee,

v.

Stuart Housel SMITH, Defendant–Appellant,

and

Justin Bischof, Defendant.

No. 12–35676.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 30, 2014.

Kimberlee A. Colbo, Esquire, Hughes Gorski Seedorf Odsen & Tevooren LLC, Anchorage, AK, for Defendant–Appellant.

Stuart Housel Smith, New Orleans, LA, pro se.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Stuart Housel Smith appeals pro se from the district court's summary judgment against him in plaintiff State Farm Fire and Casualty Company's diversity action seeking a declaratory judgment in connection with an insurance dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.*,

571 F.3d 930, 933 (9th Cir.2009), and we affirm.

The district court properly granted summary judgment because under the plain language of the homeowners policy, the punching incident was not a covered "occurrence," and Smith's injuries were "expected or intended" by Bischof. *See Allstate Ins. Co. v. Campbell*, 128 Ohio St.3d 186, 942 N.E.2d 1090, 1097–98 (2010) (in the insurance context, doctrine of inferred intent applies where an "intentional act and the harm are intrinsically tied so that the act necessarily resulted in the harm"); *Erie Ins. Co. v. Stalder*, 114 Ohio App.3d 1, 682 N.E.2d 712, 715 (1996) (no covered "occurrence" where insured had acted in self-defense and intentionally punched a third party in the face); *see also Randolf v. Grange Mut. Cas. Co.*, 57 Ohio St.2d 25, 385 N.E.2d 1305, 1307 (1979) ("[T]he word 'occurrence,' defined as 'an accident,' was intended to mean just that [-] an unexpected, unforeseeable event.").

We reject as unsupported Smith's contention that the district court mistakenly applied Ohio law and an objective intent standard.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.